UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                              Case No. 8:10-cr-35-T-27CPT

SANDCHASE CODY
_____/

ORDER

**BEFORE THE COURT** is Defendant Cody's *pro se* "Motion for Compassionate Release/Reduction in Sentence Pursuant to 28 U.S.C. § 3582(c)(1)(A)." (Dkt. 158). A response is unnecessary. The motion is **DENIED**.

Cody was convicted and sentenced to concurrent terms of 294 months imprisonment for distribution of cocaine (Counts One and Two), felon in possession of a firearm (Count Three), and possession with intent to distribute cocaine base, cocaine, and marijuana (Count Four). (Dkts. 80, 105, 118). His convictions and sentence were affirmed. (Dkt. 124); *United States v. Cody*, 460 F. App'x 825 (11th Cir. 2012). This Court granted in part a subsequent motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, correcting Cody's sentence on Count Three to 120 months imprisonment, concurrent with Counts One, Two, and Four. (Dkt. 148). An amended judgment was entered, which is currently on appeal. (Dkt. 147; Dkt. 149).

This Court denied a subsequent motion for reduction in sentence, finding that Cody had not presented extraordinary and compelling reasons to warrant compassionate release. (Dkt. 155). He now seeks a sentence reduction "[p]ursuant to petitioner's living conditions and the situation at FCI-Edgefield more broadly are such that he is likely unable to protect himself from contracting COVID-

1

19 per the CDC guidelines." (Dkt. 158). His contentions, however, are without merit.

The First Step Act amended § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting administrative remedies available to him following the failure of the Bureau of Prisons ("BOP") to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Cody asserts and provides documentation reflecting that he filed a request with the warden more than 30 days ago and has not received a response. (Dkt. 158; Dkt. 158-1 at 1). Accordingly, his motion for compassionate release can be considered.

While section 3582(c)(1)(A) allows a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). What constitutes "extraordinary and compelling circumstances" is not defined, except that "[r]ehabilitation of the defendant alone" is insufficient. *See* 28 U.S.C. § 994(t).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1. None of Cody's contentions fall within application notes (A)-(C). Although he suffers from asthma and high blood pressure (Dkt. 158-1 at 1, 13), he does not assert or provide documentation demonstrating that his medical conditions substantially diminish his ability to provide self-care. *See* § 1B1.13, cmt. n.1(A)(ii); *see United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2

(M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated"). And courts in this Circuit have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020). Last, while Cody's rehabilitation efforts are admirable, rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t).

In sum, none of Cody's reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are therefore not consistent with the policy statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, this Court is without authority to grant relief, and the motion for compassionate release is **DENIED**.

**DONE AND ORDERED** this 6th day of August, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant. Counsel of Record