UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**

Case No. 8:10-cr-35-T-27CPT

**SANDCHASE CODY**

_____/

## ORDER

**BEFORE THE COURT** is correspondence from Defendant Cody (Dkt. 172), construed as a renewed motion seeking compassionate release. A response is unnecessary. The construed motion is **DENIED**.

Cody was convicted and sentenced to concurrent terms of 294 months imprisonment for distribution of cocaine (Counts One and Two), being a felon in possession of a firearm (Count Three), and possession with intent to distribute cocaine base, cocaine, and marijuana (Count Four). (Dkts. 80, 105, 118). His convictions and sentence were affirmed. (Dkt. 124); *United States v. Cody*, 460 F. App'x 825 (11th Cir. 2012). This Court granted in part a subsequent motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, correcting Cody's sentence on Count Three to 120 months imprisonment, concurrent with the sentences on Counts One, Two, and Four. (Dkt. 148). An amended judgment was entered, which is currently on appeal, USCA Case Number: 19-11915-GG. (Dkts. 147, 149).

This Court denied three subsequent motions for reduction in sentence, finding that Cody had not presented extraordinary and compelling reasons to warrant compassionate release. (Dkts. 155, 160, 162). His motion for reconsideration and motions to appoint counsel were also denied.

1

(Dkts. 159, 165, 171). He appealed the denial of his motion to appoint counsel (Dkt. 159), for compassionate release (Dkt. 162), and for reconsideration (Dkt. 165). That appeal is pending, USCA Case Number 20-13536-GG.

In his renewed motion, Cody seeks a sentence reduction because he is "scared that [he] might one day be exposed to COVID-19 and die." (Dkt. 172-1 at 1). He asserts that he "suffer[s] from several underlying medical conditions: asthma, hypertension, glaucoma, and high cholesterol. Two of which increase [his] risk of severe illness should [he] contract COVID-19." (Id. at 3). He further asserts that he is "not safe at F.C.I. Edgefield" because "there are currently active cases among inmates and staff, and that even a relatively small number of active cases can lead to inmate outbreaks." (Id. at 3-5). His contentions, however, are without merit.[1]

The First Step Act amended § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting administrative remedies available to him following the failure of the Bureau of Prisons ("BOP") to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Although Cody provides documentation reflecting that he filed a request with the warden more than 30 days ago, (Dkt. 172-1 at 2), that documentation is no different than what he has submitted with his prior motions for compassionate release. *See* (Dkt. 158-1 at 1; Dkt. 161-1 at 1). Indeed, he fails to demonstrate that before filing this renewed motion he presented any new concerns to the warden. Accordingly, Cody has not demonstrated that he has exhausted his administrative remedies as to this renewed request for compassionate release. And this exhaustion

---

[1] To the extent Cody's motion is construed as a motion for reconsideration of the most recent order denying appointment of counsel, *see* (Dkt. 172 at 2-5), he does not present a valid reason justifying reconsideration.

requirement cannot be waived.[2]

Even if he did exhaust his administrative remedies, Cody fails to identify any extraordinary and compelling circumstances to warrant a sentence reduction. First, he does not provide any documentation establishing that he suffers from a terminal illness or that his medical conditions "substantially diminish[ his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."[3] U.S.S.G. § 1B1.13, cmt. n.1. As for his contention that extraordinary and compelling reasons exist because the number of COVID-19 cases is increasing at FCI Edgefield, courts in this Circuit have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4. Last, to the extent he contends that this Court has discretion to determine whether he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13, (Dkt. 172 at 2), courts in this Circuit have rejected this contention. *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019). Notwithstanding, Cody has failed to assert an adequate basis to warrant compassionate release.

---

[2] *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic"); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)"); *United States v. Gray*, No. 2:01-007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to COVID 19. Since she has not complied with the statute, the Court lacks authority to consider her motion.").

[3] *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition).

3

Additionally, while Cody's rehabilitation efforts are admirable, (Dkt. 172-1 at 14), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t). And although he asserts that he does "not pose a danger if released" (Dkt. 172 at 6), absent an extraordinary and compelling reason or another basis warranting a reduction, this Court cannot reduce his sentence.[4] *See* 18 U.S.C. § 3582(c)(1).

In sum, none of Cody's reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are therefore not consistent with the policy statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, this Court is without authority to grant relief, and the renewed motion for compassionate release (Dkt. 172) is **DENIED**.

**DONE AND ORDERED** this 25th day of November, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[4] Even if extraordinary and compelling reasons exist, the section 3553(a) factors do not weigh in favor of Cody's release. Those factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 182 (11th Cir. 2019) (citing 18 U.S.C. § 3553(a)). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809 (11th Cir. 2020) (citations omitted). Indeed, Cody's criminal history is extensive. *See* (Dkt. 140 at ¶¶ 42-90). When he was sentenced in this case, he was 37 years old, had been designated an armed career criminal under the Sentencing Guidelines, and was in a criminal history category six, the highest criminal history category. Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for his past behaviors, or adequately deter criminal conduct in the future.