UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:10-cr-35-JDW-CPT

SANDCHASE CODY

_____/

**O R D E R**

Before the Court is pro se Defendant Sandchase Cody's construed motion for the appointment of counsel and for clarification.  (Doc. 212).  For the reasons discussed below, Cody's motion is denied.

I.

The relevant procedural history of this case is set forth in prior Orders of the Court (Docs. 179, 182, 205), but bears repeating here with some supplementation.   In February 2010, Cody was charged in a superseding indictment with two counts of possession with the intent to distribute and distribution of cocaine, one count of being a felon in possession of ammunition, and one count of possession with the intent to distribute cocaine, cocaine base, and marijuana.  (Doc. 18).  Cody was convicted on all four counts following a trial and was sentenced in April 2011 principally to concurrent terms of imprisonment of 294 months.   (Docs. 80, 105).   The Eleventh Circuit affirmed Cody's conviction on appeal.   (Doc. 124).

Cody subsequently filed two section 2255 motions to vacate, set aside, or correct his sentence.  (Docs. 129, 145).   The Court denied the first of these motions in an Order entered in May 2014 (Doc. 131) and granted the second motion in part in an Order issued in May 2019 (Doc. 148).   The May 2019 Order and an accompanying amended judgement corrected Cody's sentence on the felon in possession count to 120 months' imprisonment but did not impact the concurrent 294-month imprisonment terms imposed on the remaining counts.  (Docs. 147, 148).   The May 2019 Order also denied Cody a certificate of appealability.  (Doc. 148).   Cody thereafter sought to appeal the Court's amended judgment (Doc. 149), but the Eleventh Circuit dismissed that appeal for lack of jurisdiction, *United States v. Cody*, 998 F.3d 912, 915–16 (11th Cir. 2021).

In August 2021, Cody applied to the Eleventh Circuit for leave to submit a second or successive section 2255 motion.   *See In re Cody*, Case No. 21-12602, (Doc. 1) (11th Cir. Aug. 2, 2021).   The Eleventh Circuit denied that request, finding it was "unnecessary" since "Cody ha[d] not filed an initial [section] 2255 motion with respect to the new judgment."   (Doc. 177) (citing 28 U.S.C. § 2255(h)).

In January 2022, Cody moved for a new trial and for his immediate release, which the Court construed as a section 2255 motion and promptly denied.  (Docs. 187, 188).  The Court denied a certificate of appealability as to that request as well.  (Doc. 188).

In October 2022, Cody sought leave to expand the record relating to his construed section 2255 motion and to amend or otherwise supplement that filing. (Doc. 198).  When the Court denied this request (Doc. 199), Cody filed a motion to

reconsider the Court's ruling (Doc. 203).  The Court declined to do so but set a deadline of October 13, 2023, for Cody to submit "a single section 2255 motion challenging the Court's May 2019 amended Judgment." (Doc. 205).  Cody thereafter filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6)[1] "attack[ing] the Court's May 2019 Judgment." (Doc. 207).

The instant motion followed.  (Doc. 212).  Construing that submission liberally, Cody appears to ask that the Court appoint an attorney to represent him because he has acquired newly discovered evidence and is actually innocent.  *Id.*  Cody also seeks "clarification" from the Court pertaining to these matters and requests that the Court "giv[e] him the correct directions . . . for him to prove his innocence."  *Id.*

---

[1] Rule 60(b) is titled "Grounds for Relief from a Final Judgment, Order, or Proceeding."  Fed. R. Civ. P. 60(b).  It states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

*Id.*

## II.

### A.

The Court notes at the outset that it seems Cody's request for the appointment of counsel relates to his newly discovered evidence and actual innocence claim and thus to a collateral attack on his conviction.[2]  The Court will therefore construe Cody's request in this light.

It is well settled that a federal inmate does not have a constitutional right to counsel for purposes of collaterally attacking his conviction and sentence under section 2255. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. . . .   Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985) ("[T]here is no automatic constitutional right to representation in a federal habeas corpus proceeding.").   While an incarcerated federal defendant may nonetheless seek the appointment of an attorney to assist him in a section 2255 proceeding, such appointments are within a court's discretion and, in the case of a financially indigent defendant, may be awarded only if "the interests of justice so require."   18 U.S.C. § 3006A(a)(2); *see also United States v. Johnson*, 842 F. App'x 402, 405 (11th Cir. 2021) (per curiam) ("When a party does not have a constitutional,

---

[2] By way of example, Cody refers in his motion to his prior effort to file a second or successive section 2555 petition as "pertaini[ing] to [his] newly acquired evidence[ ] and actual innocence claim," as well as to his previous attempts to secure a lawyer in connection with that claim.  (Doc. 212).

statutory, or rule-based right to counsel, the district court may exercise its discretion as to whether to appoint counsel.") (citing 28 U.S.C. § 2255(g); *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009) (per curiam)).[3]

The contours of what constitutes the "interests of justice" in this context are not precisely defined. *United States v. Alford*, 816 F. App'x 375, 376 (11th Cir. 2020) (per curiam) (explaining that courts should exercise their "broad discretion" to appoint counsel "only in exceptional circumstances") (citations omitted).   A survey of Eleventh Circuit case law and other authority reveals that a number of factors are generally considered, including whether a lawyer is needed to engage in discovery or to assist in an evidentiary hearing, or whether the defendant has demonstrated through his pro se filings that he is "capable of adequately presenting the essential merits of his position." *Nieves v. Sec'y, Dep't of Corrs.*, 853 F. App'x 368, 371 n.2 (11th Cir. 2021) (per curiam); *see also Smith v. Fla. Dep't of Corrs.*, 713 F.3d 1059, n.11 (11th Cir. 2013) (looking to the factors outlined in *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)); Rules 6, 8, Rules Governing § 2255 Proceedings.

These factors do not support granting Cody's motion here.  Cody does not show that the appointment of an attorney is necessary to conduct discovery, nor does he reference the need for an evidentiary hearing.  *See* Rules 6, 8, Rules Governing § 2255 Proceedings.   It also does not appear from Cody's submissions that he is unable to

---

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

adequately litigate the basic substance of his challenge(s).  *Nieves*, 853 F. App'x at 371 n.2.

The fact that Cody purports to possess newly discovered evidence does not alter this conclusion.   The possible existence of such evidence—without more—does not entitle Cody to relief under section 2255, much less to the appointment of counsel. *Conley v. United States*, 323 F.3d 7, 14 (1st Cir. 2003) ("Merely to claim that new evidence casts doubt, even grave doubt, on the correctness of a conviction is not a ground for relief on collateral attack.") (citations omitted).

### B.

Cody's request for clarification on how "to prove his innocence" is likewise infirm.  (Doc. 212).  A federal court may not "act as counsel for a party," *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008), nor may it "give [a] litigant[ ] legal advice," *In re Motion to Compel Testimony of Perry Orlando*, 2014 WL 12628473, at *1 (S.D. Fla. Sept. 17, 2014).

### III.

In light of the above, Cody's construed motion for the appointment of counsel and for clarification (Doc. 212) is denied.

SO ORDERED in Tampa, Florida, this 19th day of December 2023.


HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

6

Copies to:
Counsel of record
Pro se Plaintiff